UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| UNITED STATES OF AMERICA, | Case No. 17-cr-00533-EMC-1 (LB) |
|---|---|
| Plaintiff, | **ORDER (1) DENYING MOTION FOR PRESERVATION ORDER AND (2) GRANTING IN PART AND DENYING IN PART MOTION FOR DISCLOSURE OF CERTAIN GRAND-JURY RECORDS** |
| v. | |
| JONATHAN JOSEPH NELSON, | |
| Defendant. | Re: ECF No. 460–464 |

Defendant Brian Wendt filed three motions that Judge Chen referred to the undersigned: (1) a Motion to Preserve All Notes and Recordings Taken by Law Enforcement Agency Agents/ Officers and All Physical Evidence Seized, Processed or Examined by Federal, State, County, and Local Agencies,[1] (2) a Motion for Order for Inspection and Copying of Jury Records Pertinent to the Indicting Grand Jury Pursuant to General Order No. 6,[2] and (3) a Motion for Disclosure of Grand Jury Sessions, Schedule, Instructions, and Materials Pursuant to Federal Rule of Criminal Procedure 6(e)(1)(E)(i) and 6(e)(1)(E)(ii).[3] Defendants Jonathan Nelson and Brian Burke join in

---

[1] Wendt Preservation-Order Mot. – ECF Nos. 460, 461. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Wendt First Grand-Jury Mot. – ECF No. 462.

[3] Wendt Second Grand-Jury Mot. – ECF Nos. 463, 464.

ORDER – No. 17-cr-00533-EMC-1 (LB)

the motions.[4] The court held a discovery hearing on December 20, 2018, and issues this order documenting the discussion and orders on the record.

### 1. Preservation-Order Motion

The defendants ask the court to enter an order to 24 federal, state, and local agencies and offices inside and outside of this District directing them to preserve certain documents and information.[5] The defendants raise the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). "The government's *Brady* obligation is a 'self-executing responsibility on the part of the prosecutor. There is no need for a court order to require compliance with *Brady*.'" *United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH, 2016 WL 3185008, at *2 (N.D. Cal. June 8, 2016) (internal brackets and ellipsis omitted) (quoting *United States v. Flores*, No. CR 08-0730 WHA, 2011 WL 1100137, at *2 (N.D. Cal. Mar. 24, 2011)). The defendants also raise arguments about putting the police on notice of the defendants' requests for preservation. Those arguments do not compel the conclusion that the proper means for addressing the defendants' preservation requests is the entry of a court order of the type the defendants propose. The defendants cite no useful precedent for such an order.[6] The court denies this request.

### 2. Grand-Jury Motions

#### 2.1 Timing of Hearings on Motions to Dismiss

The parties must take up issues regarding the timing of hearings on motions to dismiss with Judge Chen.

---

[4] Nelson Joinder – ECF No. 82; Burke Joinder – ECF No. 492.

[5] Wendt Preservation-Order Mot. – ECF No. 461 at 6.

[6] The defendants cite a stipulation and order that was entered with the consent of all parties. Stipulation and Order, *United States v. Ortiz*, No. 3:12-cr-00119-SI (N.D. Cal. July 25, 2012), ECF No. 217. That stipulation is not analogous to the situation here.

**2.2 AO-12 Reports**

The defendants ask for all AO-12 reports related to the jury wheel from which the court drew the indicting grand jury that returned the superseding indictment in 2018. The government does not oppose this request and agreed to work with the jury administrator and the clerk's office to produce the AO-12 reports. The court orders the government to continue to work with the jury administrator and the clerk's office to produce the AO-12 reports.

**2.3 AO-11 Reports**

AO-11 reports do not contain demographic information and therefore would not assist the defendants in the challenge that they seek to bring to the composition of the jury lists. The court denies this request. *Cf. United States v. Ortiz*, No. CR 12-00119 SI, 2013 U.S. Dist. LEXIS 29062, at *4–5 (N.D. Cal. Mar. 4, 2013).

**2.4 Source Lists for Grand-Jury Wheels**

The defendants ask for documents "demonstrating how the Court complied with the requirement of acquiring source lists from which the Clerk of the Court selects names for selection to serve on the Grand Jury under General Order No. 6 and 18 U.S.C. § 1863, et seq., and showing that the Court complies with the requirement of random selection of a fair cross-section of the relevant District or Division and ensures that each county or political subdivision is substantially proportionately represented as required under 18 U.S.C. § 1863(b)."[7] The court orders the production of the manuals or other documents describing the grand-jury selection process and the creation of the master and qualified wheels. *Cf. United States v. Williams*, No. 3:13-cr-00764-WHO, slip op. at 6 (N.D. Cal. Nov. 14, 2014), ECF No. 197; *accord United States v. Cervantes*, No. 4:12-cr-00792-YGR, slip op. at 1 (N.D. Cal. Dec. 23, 2014), ECF No. 517 ("This Court finds that the defense is entitled to no further materials than those ordered by Judge William Orrick in *United States v. Williams*[.]"). The court also directs the government to discuss with the jury administrator and the clerk's office whether they can provide an update to the Declaration of

---

[7] Wendt First Grand-Jury Mot. – ECF No. 462 at 2.

Courtroom Services Supervisor N. David Weir[8] regarding the process for creating jury wheels and provide an update to the defendants and the court by January 15, 2019. The court thinks an updated declaration would be useful for the reasons discussed at the hearing. The court otherwise denies the defendants' request. *Cf. United States v. Diaz*, 236 F.R.D. 470, 484 (N.D. Cal. 2006) (ordering production of clerk's manual regarding creation of grand-jury wheels but denying further requests because "Defendants have offered no reason as to how a more detailed program description is necessary to the preparation of their fair cross-section challenge").

### 2.5 Selection of Grand-Jury Forepersons

The defendants are not entitled to discovery under the Jury Selection and Service Act regarding discrimination in the selection of forepersons. *Diaz*, 236 F.R.D. at 483. Also, the defendants have not provided any specific evidence or arguments to support a constitutional claim with respect to foreperson selection. The court denies this request. *Cf. id.*

### 2.6 Orders Reflecting the Beginning or Extension of a Grand-Jury Term

The court orders production of orders reflecting the beginning or extension of the term of the indicting grand jury. *Cf. Diaz*, 236 F.R.D. at 478–79. To the extent that the defendants are requesting orders reflecting the beginning or extension of terms for other grand juries, their request is overbroad, and the court denies it. *Cf. United States v. Cerna*, No. CR 08-0730 WHA, 2009 WL 2998930, at *3–4 (N.D. Cal. Sept. 16, 2009); *Diaz*, 236 F.R.D. at 481–82.

### 2.7 Handouts and Instructions to the Grand Jury

The court orders production of all directives, instructions, handouts, and information provided to the indicting grand jury concerning their duties as grand jurors, their attendance, and their manner of deliberation. *Cf. Williams*, slip op. at 6; *Diaz*, 236 F.R.D. at 475, 477–78. To the extent that the defendants are requesting directives, instructions, handouts, or information provided to other grand juries, their request is overbroad, and the court denies it. *Cf. Cerna*, 2009 WL 2998930, at *3–4; *Diaz*, 236 F.R.D. at 481–82.

---

[8] Declaration of N. David Weir, *United States v. Redacted Defendant*, No. 3:05-cr-00167-WHA (N.D. Cal. June 19, 2006), ECF No. 479-2.

**2.8 Metrics Regarding the Grand Jury**

In connection with the indicting grand jury, the court orders production of the number of (1) court questionnaires or summonses set out to prospective jurors, (2) questionnaires or summonses for which there was no response, (3) questionnaires or summonses returned as undeliverable, (4) persons found disqualified or permanently excused, (5) persons who requested and received a temporary deferral of service, (6) persons who reported for grand-jury selection, and (7) persons who did not report as instructed. *Cf. Williams*, slip op. at 6.

**2.9 Commencement and Termination Dates of the Grand Jury**

The defendants request the indicting grand jury's commencement and termination dates. The government does not oppose this request. The court orders production of these dates.

**2.10 Transcripts of Grand-Jury Proceedings**

Grand-jury transcripts relate to the substance of a grand jury's investigation and are subject to the secrecy provisions of Federal Rule of Criminal Procedure 6(e). The defendants acknowledge that the "'indispensable secrecy of grand jury proceedings' must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity."[9] The defendants have not made a particularized showing of need here. The court denies this request. *Cf. United States v. Hussain*, No. 13-cr-00408-JST, 2015 WL 4638451, at *5 (N.D. Cal. Aug. 4, 2015); *Williams*, slip op. at 4–5.

**IT IS SO ORDERED.**

Dated: December 20, 2018

LAUREL BEELER
United States Magistrate Judge

---

[9] Wendt Second Grand-Jury Mot. – ECF No. 464 at 7 (emphasis removed, internal ellipsis omitted) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958)).