1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2  BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  KEVIN J. BARRY (CABN 229748)
   ERIN A. CORNELL (CABN 227135)
5  MEREDITH B. OSBORN (CABN 250467)
   Assistant United States Attorneys
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-6774
8       meredith.osborn@usdoj.gov

9  Attorneys for United States of America

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12 SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 13 | UNITED STATES OF AMERICA, | ) CR 17-00533 EMC |
| 14 | Plaintiff, | ) [PROPOSED] ORDER EXCLUDING TIME ) FROM FEBRUARY 13, 2019 TO MAY 15, 2019 |
| 15 | v. | ) |
| 16 | JONATHAN JOSEPH NELSON, ET AL, | ) |
| 17 | Defendants. | ) |

On February 13, 2019, defendants Jonathan Joseph Nelson, Raymond Michael Foakes, Russell Allen Lyles, Jr., Jeremy Daniel Greer, Brian Wayne Wendt, Russell Taylor Ott, Damien David Cesena, Brian Allen Burke, David Salvatore Diaz, III, and Merle Frederick Hefferman and plaintiff United States of America appeared before the Court for a status. Defendant Christopher Ranieri's presence was waived, but his counsel appeared. The parties reported on the status of discovery of electronic device materials, discovery related to search warrants executed in the case, and the government's protocol for determining whether it will seek the death penalty for the defendants who have been charged with death eligible offenses. The Court also heard argument on defendant Nelson's motion to revoke the order of detention, and ordered defendant Nelson detained. The Court set a further status for May 15, 2019 at 1:30 p.m.

1  Based on the representations of counsel and for good cause shown, the Court finds that time is excludable between February 13, 2019 and May 15, 2019, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv), on the basis that the ends of justice served by the continuance outweigh the best interests of the public and defendants in a speedy trial, and because failure to grant a continuance would deny defendants' counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court also finds that the case is complex based on the number of defendants and the nature of the prosecution, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

Therefore, **IT IS HEREBY ORDERED** that the matter is set before this Court on May 15, 2019 at 1:30 p.m. for a further status, and that the time between February 13, 2019 and May 15, 2019 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

DATED: February 21, 2019

_____
HON. EDWARD M. CHEN
United States District Judge