UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-cr-00533-EMC (LB) |
| v. | |
| CHRISTOPHER RANIERI, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS** |
| Defendant. | Re: ECF No. 520 |

# INTRODUCTION

This is a racketeering-conspiracy case. The alleged racketeering enterprise is the Hells Angels Sonoma County Chapter, "including its leadership, members, and associates[.]"[1] The Superseding Indictment alleges that:

> The Hells Angels are a transnational violent outlaw motorcycle gang, and the Hells Angels Sonoma County chapter (HASC) is a subset of that organization whose members primarily operate in Sonoma County, California and surrounding counties, and whose activities have affected other parts of the United States. HASC has been in operation since the early 1970s. Associates of HASC include Hells Angels who have a close relationship with HASC, particularly members of the Fresno and Salem/Boston chapters of the Hells Angels.[2]

---

[1] Superseding Indictment – ECF No. 374 at 25 (¶ 11). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 22 (¶ 1).

ORDER – No. 17-cr-00533-EMC (LB)

The Superseding Indictment in this case charges eleven defendants, in twelve counts, with a racketeering conspiracy. Eight defendants are alleged current or former members of the HASC.[3] Two are alleged members of the Fresno chapter of the Hells Angels.[4] One — movant Christopher Ranieri — is the alleged president of the Salem/Boston chapter of the Hells Angels.[5]

The government charges Mr. Ranieri with two counts: (1) racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One) with a Special Sentencing Factor of conspiracy to commit murder and (2) conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (Count Two).[6]

Mr. Ranieri moves for a bill of particulars with respect to (1) Count Two and (2) the Special Sentencing Factor as to Count One.[7] Broadly speaking, Mr. Ranieri asks the court to compel the government to specify when the claimed conspiratorial agreements occurred, when Mr. Ranieri and the other defendants named in Counts One and Two joined the conspiratorial agreements, where the agreements were reached, who was present, the form the agreements took, the person or persons the defendants agreed to kill, the precise words or conduct by which Mr. Ranieri entered into the agreements, the locations other than the Northern District of California where the conspiracy occurred, the identities of accomplices and co-conspirators, and all acts that Mr. Ranieri allegedly committed as part of the conspiracy.

The court held a hearing and now grants in part and denies in part Mr. Ranieri's motion for a bill of particulars, as set forth below.

---

[3] *Id.* at 27 (¶ 18).

[4] *Id.*

[5] *Id.*

[6] *Id.* at 27–32 (¶¶ 19–27).

[7] Ranieri Mot. – ECF No. 520.

# ANALYSIS

## 1. Governing Law

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (quoting *United States v. Bailey*, 444 U.S. 394, 414 (1980)). The defendant may move to require the government to supplement an incomplete indictment with a bill of particulars that more fully discloses the nature of the charges. Fed. R. Crim. P. 7(f). "The purposes of a bill of particulars are threefold: '[t]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague[] and indefinite for such purposes.'" *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original).

## 2. Application

Upon consideration of the parties' respective filings and the court's knowledge of the case, including the parties' ongoing discovery issues, the court hereby orders the government to provide Mr. Ranieri a bill of particulars clarifying:

1. when Mr. Ranieri joined the alleged conspiratorial agreement to murder Victim 1 (Count Two) or to commit murder (Special Sentencing Factors to Count One), without

prejudice to the government's later proving a different date based on evidence later acquired, *cf. United States v. Etienne*, No. CR 17-00093 WHA, 2018 WL 1456658, at *2 (N.D. Cal. Mar. 23, 2018); *United States v. Alvarez*, No. 14-cr-00120 EMC (NC), 2014 WL 7240670, at *2 (N.D. Cal. Dec. 19, 2014); *United States v. Cerna*, No. CR 08-0730 WHA, 2009 WL 2998929, at *2 (N.D. Cal. Sept. 16, 2009);

2. who was present at the meetings where the murders or attempted murders were discussed, when and where these meetings took place, what was said at these meetings, and what Mr. Ranieri allegedly said or did to indicate his participation in the conspiracies, *cf. Etienne*, 2018 WL 1456658, at *5; *Alvarez*, 2014 WL 7240670, at *3 (N.D. Cal. Dec. 19, 2014); *Cerna*, 2009 WL 2998929, at *3 (N.D. Cal. Sept. 16, 2009);

3. the person or persons whom Mr. Ranieri and the other defendants purportedly conspired to kill or, if the government does not know the names, as much identifying information as it has, *cf. United States v. Diaz*, No. CR 05-00167 WHA, 2006 WL 1833081, at *3 (N.D. Cal. June 30, 2006); and

4. the jurisdictions other than the Northern District of California where the alleged conspiracies occurred as alleged in paragraphs 23 and 27 of the Superseding Indictment, *cf. Etienne*, 2018 WL 1456658, at *2.[8]

---

[8] The government cites *United States v. Ellis*, 121 F. Supp. 3d 927 (N.D. Cal. 2015), and *United States v. Ortiz*, No. C 12-00119 SI, 2013 WL 6842541 (N.D. Cal. Dec. 27, 2013), to argue that it should not be required to provide Mr. Ranieri a bill of particulars. Those cases are distinguishable. *Ellis* was a four-defendant case where the indictment specified a beginning and end date for the alleged conspiracy, which spanned an eight-year period. *Ellis*, 121 F. Supp. 3d at 939. In denying a motion for a bill of particulars to specify when each defendant joined the conspiracy, the court distinguished this "discrete time frame" from other cases such as *Alvarez* and *Cerna* where the government had alleged vague time frames. *Id.* Additionally, the indictment in *Ellis* alleged violent crimes in aid of racketeering activity ("VICAR") by all four defendants (namely that all four of them assaulted, maimed, and tried to murder a specific victim). *Id.* at 941. In denying a bill of particulars with respect to VICAR activity, the court held that the indictment was sufficient to permit the defendants to prepare their defenses, avoid surprise at trial, and protect against double jeopardy. Here, the indictment does not specify a discrete time frame for the conspiracy but instead alleges a conspiracy "since at least the mid-1990s, and continuing up through and including the present[.]" Superseding Indictment – ECF No. 374 at 30 (¶ 23). The indictment also contains almost no detail by way of allegations against Mr. Ranieri. *Ortiz* was a decision that primarily addressed a motion to dismiss an indictment, with the motion for a bill of particulars being an ancillary issue where "[the defendant]'s sole argument in favor of a bill of particulars is that the indictment, together with the evidence that the government has produced to him in discovery, shows an association with gang members, but does not demonstrate that

The court otherwise denies Mr. Ranieri's motion for a bill of particulars. *Cf. Etienne*, 2018 WL 1456658, at *2, *5 (denying motion for bill of particulars for "the 'when, where, and how' of every act in furtherance of the conspiracy," including denying motion for the form the alleged conspiratorial agreement to commit murder took and denying motion for identification of all overt acts attributable to the defendants) (citing *Giese*, 597 F.2d at 1181); *Cerna*, 2009 WL 2998929, at *3 (denying motion for bill of particulars for names of unindicted co-conspirators, the date the conspiracy as a whole allegedly began, or all overt acts that comprised the charged activity) (citing *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985)); *see also United States v. Ortiz*, No. C 12-00119 SI, 2013 WL 6842541, at *4 (N.D. Cal. Dec. 27, 2013) (where indictment charges a defendant with conspiracy to commit murder under 18 U.S.C. § 1959(a), not substantive murder, "[t]he indictment . . . need not allege that [defendant] committed any specific acts related to any murders . . . . All the indictment need allege is that [defendant] entered into an agreement to commit murder[.]").[9]

## CONCLUSION

The court grants in part and denies in part Mr. Ranieri's motion for a bill of particulars. The court orders the government to produce a bill of particulars with the information listed above within 21 days of the date of this order. The court further orders the government to supplement its bill of particulars if it learns of additional responsive information. *Cf. United States v. Hernandez*, No. CR-14-0120 EMC, 2015 WL 4498084, at *3 (N.D. Cal. July 23, 2015).

---

[the defendant] himself engaged in gang activity." *Ortiz*, 2013 WL 6842541, at *6. That is different than Mr. Ranieri's issues here. *Cf.* Ranieri Mot. – ECF No. 520 at 14.

[9] Among other things, Mr. Ranieri asks the government to specify where, when, and how the killing of Victim 1 occurred. Ranieri Mot. – ECF No. 520 at 2. That information is set out in the Superseding Indictment. Superseding Indictment – ECF No. 374 at 29 (¶ 22.e), 32 (¶ 29).

To the extent that the government believes that this order may require disclosure of events or witnesses that may implicate witness safety concerns, the government may propose a protective order within 14 days of the date of this order. *Cf. Alvarez*, 2014 WL 7240670, at *3.

**IT IS SO ORDERED.**

Dated: August 15, 2019

LAUREL BEELER
United States Magistrate Judge