1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  LINA PENG (NYBN 5150032)
   AJAY KRISHNAMURTHY (CABN 305533)
5  KEVIN J. BARRY (CABN 229748)
   Assistant United States Attorney
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California  94102-3495
        Telephone: (415) 436-7224
8       FAX: (415) 436-7027
        Lina.Peng@usdoj.gov
9
   Attorneys for United States of America
10
                         UNITED STATES DISTRICT COURT
11
                        NORTHERN DISTRICT OF CALIFORNIA
12
                              SAN FRANCISCO DIVISION
13

14 | UNITED STATES OF AMERICA,        )  **CASE NO. 17 CR 533 EMC**
                                      )
15 |      Plaintiff,                   )  [PROPOSED] ORDER DENYING DEFENDANTS'
                                      )  REQUEST FOR FURTHER CAST DISCLOSURE
16 |   v.                              )
                                      )
17 | JONATHAN JOSEPH NELSON, et al.,   )
                                      )
18 |      Defendants.                  )
                                      )
19

20       On December 15, 2020, the Court held a hearing on the defense's joint request for CAST

21 discovery (ECF No. 1337) with the parties in the above-captioned case. Upon consideration of the

22 briefing submitted in this case (ECF Nos. 1337, 1356, 1364, 1365), the disclosures made by the

23 government, and the arguments made by the parties at the hearing, the Court DENIES the motion for the

24 reasons stated at the hearing and herein.

25       The defense has requested training materials, validation studies, information in possession of

26 cellular providers, and final presentation slides for SA Sparano. These requested items are beyond the

27 scope of Rule 16, which requires a summary of the witness's opinions, the bases for those opinions, and

28 the witness's qualification.  *See* Fed. R. Crim. P. 16; *United States v. Cerna*, No. CR 08-730 WHA,

2010 WL 2347406, at *2 (N.D. Cal. Jun. 8, 2010); *United States v. Martinez*, No. CR 13-794 WHA, 2015 WL 428314, at *1 (N.D. Cal. Jan. 30, 2015). "It does not require specific details, data, and exhibits on every subject the witness may testify about." *Martinez*, 2015 WL 428314 at *2. The proposed historical cell site analysis by the government's expert is routine and based on well understood methods, as the cases cited by the government demonstrate. Here, the government has disclosed a summary of and the bases for SA Sparano's opinion as required, including the underlying call detail records and tower records her analysis is based on, SA Sparano's qualifications and experience, and a summary of how she conducted the analysis in this case. The disclosed materials enable the defense to retain its own expert to replicate or challenge the analysis if it chooses to do so. Challenges to the reliability of the employed methodology may be litigated under *Daubert*, but are not grounds for additional discovery under Rule 16 in this case. The Court also notes that if the testimony of the proposed expert goes beyond what has been covered by the expert's disclosure and the other side is "sandbagged," then the appropriate remedy for the excess testimony is exclusion at trial. *See Martinez*, 2015 WL 428314, at *1.

The government is ordered to consult with the FBI regarding whether the native file version of the draft CAST PowerPoint presentation can be produced to the defense.

This Order resolves ECF No. 1337.

IT IS SO ORDERED.

December , 2020

_____
HON. LAUREL BEELER
United States Magistrate Judge